UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-14279-Moore/McCabe

MELISSA PRATT,

    Plaintiff,

v.

SANTANDER CONSUMER FINANCE,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Defendant's Motion to Compel Arbitration ("Motion") (DE 8), which was referred to the undersigned by United States District Judge K. Michael Moore (DE 10). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED**.

**I.   OVERVIEW**

This is a pro se action against a financial institution, Santander Consumer USA Inc. (hereafter "Defendant"), erroneously named as Santander Consumer Finance in the complaint (DE 1-2). The complaint alleges claims under the Fair Credit Reporting Act, the Gramm-Leach-Bailey Act, and Florida common law, all stemming from a loan that Plaintiff took to purchase a car in 2022, which loan was subsequently assigned to Defendant. By way of this Motion, Defendant seeks to enforce an arbitration agreement contained within an Extension Agreement that Plaintiff signed after Defendant took over the loan (DE 8). Plaintiff has not responded to the Motion, and the time to do so has passed.

## II.     LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract…." 9 U.S.C. § 2. The FAA instructs courts to compel arbitration when a party to an arbitration agreement fails, neglects, or refuses to comply with the agreement. 9 U.S.C. § 4; *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 213 (1985) ("[T]he Act leaves no room for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

In reviewing a motion to compel arbitration, district courts apply "a summary judgment-like standard" and "may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). "[I]t is the role of courts to rigorously enforce agreements to arbitrate and to construe any doubt in favor of arbitrability." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004).

## III.    DISCUSSION

To resolve the pending Motion, the Court must consider two issues: (A) whether the parties entered into an agreement to arbitrate, and (B) if so, whether the agreement covers the current dispute. The Court will address each issue in turn.

### A.     Agreement to Arbitrate

"[P]arties cannot be forced to submit to arbitration if they have not agreed to do so." *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992). The Court has reviewed the record evidence here and finds that Plaintiff entered into an arbitration agreement with Defendant. In particular, Defendant has attached a sworn declaration that recounts the history of Plaintiff's auto loan and attaches copies of the various contracts associated with it (DE 8-1).

The declaration shows that, on July 9, 2022, Plaintiff entered into a Retail Buyer's Order to purchase a 2015 Ford Mustang from Toyota of Hollywood (DE 8-1 ¶ 3, DE 8-1 at 5-6). On the same day, to finance the car, Plaintiff also entered into a Retail Installment Contract with Toyota of Hollywood, wherein she agreed to make monthly payments for the purchase of the car (DE 8-1 ¶ 4, DE 8-1 at 8-13). The Retail Installment Contract was subsequently assigned to Defendant (DE 8-1 ¶ 7).

Approximately one year into the loan, Plaintiff fell behind on her payments. As a result, on June 2, 2023, Plaintiff entered into an Extension Agreement with Defendant, by which Defendant agreed to forebear Plaintiff's obligation to make certain monthly payments (DE 8-1 ¶ 8, DE 8-1 at 17-23). As part of the consideration for this forbearance, Plaintiff agreed to an arbitration clause as follows:

> **Arbitration.** As additional consideration for [Defendant's] agreement to forbear from exercising its remedies under the [Retail Installment Contract], you and [Defendant] agree that upon written request by either party that is submitted according to the rules for arbitration, any Claim … shall be resolved by binding arbitration….
>
> (a) <u>Claims Covered</u>. "Claim" means any claim, dispute, or controversy now or hereafter existing between you and [Santander Consumer], including without limitation, any claims arising out of, in connection with, or relating to the [Retail Installment Contract], and any modification, extension, application, or inquiry of credit or forbearance of payment;

> … any … extended warranty … purchased in connection with the [Retail Installment Contract]; the … collecting or enforcing of the [Retail Installment Contract]; whether the claim or dispute must be arbitrated; the validity of this [Extension Agreement];
>
> … any claim or dispute based on an allegation of fraud or misrepresentation, including without limitation, fraud in the inducement of this or any other agreement; and any claim or dispute based on state or federal law, or an alleged tort. You and [Defendant] also agree to submit to [arbitration] any claim or dispute that you or [Defendant], has against all persons and/or entities (i) who are involved with the [Retail Installment Contract], (ii) who signed or executed any document relating to the Contract or any Claim, and (iii) who may be jointly or severally liable to either you or [Defendant] regarding any claim.

(DE 8-1 at 21).

Plaintiff has not responded to the Motion or otherwise contested that she signed the Extension Agreement. Because Plaintiff is proceeding pro se, the Court reviewed the complaint to determine whether Plaintiff contests this issue. Although the complaint appears to contest the validity of the original Retail Buyer's Order and Retail Installment Contract with Toyota of Hollywood (DE 1-2 at 6-9, DE 8-1 at 5, 9), it does not deny that Plaintiff entered into the Extension Agreement with Defendant. Accordingly, and given the record evidence, the Court finds that an arbitration agreement exists between the parties by way of the Extension Agreement.

**B.    Scope of the Arbitration Agreement**

The Court next turns to the scope of the arbitration clause within the Extension Agreement. In determining whether a particular grievance falls within the scope of an arbitration agreement, the Court must look to "the factual allegations in the complaint rather than the legal causes of action asserted." *Gregory v. Electro-Mechanical Corp.*, 83 F.3d 382, 384 (11th Cir. 1996).

Applying this principle here, the Court finds that Plaintiff's complaint falls squarely within the arbitration clause. The complaint alleges, in substance, that Plaintiff never agreed to purchase an extended warranty for $3,420, that she never signed the original Retail Buyer's Order at the

4

dealership, that she never agreed to pay interest at the rate of 24%, and that she never signed the original Retail Installment Contract at the dealership (DE 1-2 at 6-9).

The arbitration clause within the Extension Agreement covers these items by its plain terms.  In particular, the Extension Agreement defines the term "Contract" to mean the original Retail Installment Contract entered into at the dealership (DE 8-1 at 20).  The arbitration clause then defines the "Claims" subject to arbitration as including "any claim, dispute, or controversy" relating to "the Contract," or to "any extended warranty," or to "any … dispute based on an allegation of fraud or misrepresentation" (DE 8-1 at 20).  The broad language of this clause covers all of the claims at issue in the complaint.  *See Communications Workers of Am. v. BellSouth Telecommunications, Inc.*, No. 21-12669, 2023 WL 2401327, at *3 (11th Cir. Mar. 8, 2023) (cleaned up) ("Where an agreement's arbitration provision is broad, courts should look for an express provision excluding a particular grievance from arbitration; otherwise, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.").

For all of these reasons, the Court recommends that Plaintiff be compelled to arbitration rather than continue her claims here.  The Court further recommends that this case be dismissed without prejudice.  *See Abellard v. Wells Fargo Bank, N.A.*, No. 19-60099, 2019 WL 2106389, at *2 (S.D. Fla. May 14, 2019) ("[W]here the Court compels arbitration of all of the claims involved, the Court sees no benefit to a stay, as opposed to dismissal."); *Perera v. H&R Block Eastern Enterps., Inc.*, 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.").

## IV.    RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** as follows:

1. The Motion (DE 8) should be **GRANTED**.

2. Plaintiff should be compelled to arbitrate her claims against Defendant.

3. This case should be **DISMISSED WITHOUT PREJUDICE**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 13th day of October 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc: counsel of record; Plaintiff, *pro se*.